## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JAMIE JOHNSON,**　　　　　　　　　　**CIVIL ACTION**
**IN HER CAPACITY AS TUTOR FOR**
**R.C., A MINOR CHILD**　　　　　　　　**NO. 24-170**

**VERSUS**　　　　　　　　　　　　　　　**JURY TRIAL DEMANDED**

**RANDY SMITH**
**AND JOHN DOES 1-5**

### COMPLAINT FOR DAMAGES

　　　　**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Jamie Johnson, in her capacity as tutor for R.C., a minor child, who respectfully submits the following Complaint for Damages, and avers as follows:

### JURISDICTION AND VENUE

　　1.　　Plaintiff's claim arises under the Constitution and the laws of the United States. This Court has jurisdiction over Plaintiff's claims of federal rights violations, enforceable under the Fourteenth Amendment and 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331, 1343(a)(3). This Court has jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. § 1367.

　　2.　　The venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2). A substantial part of the events giving rise to the claim occurred in St. Tammany Parish, Louisiana situated in the Eastern District of Louisiana.

## PARTIES

*Plaintiff*

3.      Plaintiff **Jamie Johnson** is of suitable age and capacity to file this suit. Plaintiff is a resident of St. Tammany Parish, Louisiana. She is the mother and natural tutor of **R.C.**, a minor child who resides with her.

*Defendants*

4.      Defendant **John Doe 1** ("Doe 1") is a deputy or former deputy with the St. Tammany Parish Sheriff's Office ("STPSO") whose identity is not yet known. He is sued in his individual capacity.

5.      Defendant **John Doe 2** ("Doe 2") is a deputy or former deputy with STPSO whose identity is not yet known. He is sued in his individual capacity.

6.      Defendant **John Doe 3** ("Doe 3") is a deputy or former deputy with STPSO whose identity is not yet known. He is sued in his individual capacity.

7.      Defendant **John Doe 4** ("Doe 4") is a deputy or former deputy with STPSO whose identity is not yet known. He is sued in his individual capacity.

8.      Defendant **John Doe 5** ("Doe 5" and collectively with Doe 1, Doe 2, Doe 3, and Doe 4 as "Doe Defendants") is a deputy or former deputy with STPSO whose identity is not yet known. He is sued in his individual capacity.

9.      Defendant **Randy Smith** ("Smith") is the Sheriff of St. Tammany Parish ("Sheriff"). He is responsible for the operations, supervision, and policies of STPSO. He employs or employed Doe Defendants at the relevant time.  He is sued in his official capacity.

## FACTUAL ALLEGATIONS

10.     This case arises out of an excessive use of force and battery by Defendants Doe 1, Doe 2, Doe 3, Doe 4, and/or Doe 5 upon R.C. a minor child.  All Doe Defendants were employees of Defendant Smith, the Sheriff at the time of the battery.

11.     On January 17, 2023, R.C., a 14-year-old girl with special needs, was at the home of a classmate where she was visiting her classmates and completing schoolwork with her classmate's mother, Andree Prados.

12.     Shortly before noon, the Doe Defendants, entered the home without consent of any of its residents and without obtaining a search warrant.

13.     Upon information and belief, Doe Defendants entered the home because they were searching for a male who purported lived in the home.

14.     Ms. Prados, who resided at the home, demanded that STPSO deputies (the Doe Defendants) leave her home, but the Doe Defendants refused to leave and started to search the home.

15.     While searching the home, Doe Defendants encountered R.C.

16.     Without provocation from R.C., the Doe Defendants grabbed R.C., repeatedly struck her, and restrained her by tackling her to the ground, handcuffing her, and injuring her.

17.     The Doe Defendants handcuffed R.C. and sat her on the floor of the living room in an very uncomfortable position.

18.     While seated handcuffed on the floor, R.C. shifted her body, attempting to get into a less uncomfortable position.

19.    Upon seeing R.C. moving on the floor, Doe 1 and Doe 2 again tackled R.C., who was still handcuffed.

20.    After tackling R.C. and with R.C. slumped on the floor, Doe 1 repeatedly slammed his body onto R.C.'s back while Doe 2 restrained R.C.

21.    R.C. was screaming in pain as Doe 1 and Doe 2 attacked her.

22.    The Doe Defendants' attack fractured R.C.'s T11 vertebra, causing R.C. intense pain and restricting her ability to walk, move, sit, and stand.

23.    R.C. was hospitalized with the fractured vertebra.  Doctors prescribed her Norco to address the pain and placed her in a back brace that she had to wear at all times for months.

24.    R.C. continued to have movement limitations for the next year, causing her falls and further injuries.

25.    On R.C.'s behalf, Ms. Johnson submitted an internal affairs complaint to STPSO and a public records request for all records concerning Doe Defendants' battery of R.C.

26.    STPSO refused to respond to Ms. Johnson's complaint and her records request.

## CLAIMS FOR RELIEF

### Count One – Excessive Force Pursuant to 42 U.S.C. § 1983
### (Against Doe Defendants)

27.    Plaintiff incorporates all preceding paragraphs into this Count as if copied herein *in extenso*.

28.    The Fourth and Fourteenth Amendments are violated when a seized person is subjected to objectively unreasonable force by law enforcement officers.

29.    In this matter, Doe Defendants used objectively unreasonable force against R.C. because Doe Defendants had no indication that R.C. was a threat to herself or others when they tackled R.C., pinned her to the ground, and broke her vertebra.

4

30.    Nor did Doe Defendants have any indication that R.C. was actively resisting or fleeing a lawful arrest.

31.    By depriving R.C. of her right to be free from excessive force, Doe Defendants violated the Fourth and Fourteenth Amendments to the United States Constitution.

32.    As Doe Defendants were acting under the color of state law, Plaintiff's claims are actionable under 42 U.S.C. § 1983.

## Count Two – Violations of the Louisiana Constitution
### (Against Doe Defendants)

33.    Plaintiff incorporates all preceding paragraphs into this Count as if copied herein in extenso.

34.    Doe Defendants also violated all state law constitutional equivalents of the federal constitutional rights they are alleged to have violated under the facts above.

35.    For instance, Article One, Section Two of the Louisiana Constitution guarantees that "[n]o person shall be deprived of life, liberty, or property, except by due process of law."

36.    Article One, Section Five guarantees that "[e]very person shall be secure in his person property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy."

37.    By reason of the same conduct that violated R.C.'s federal constitutional rights, Doe Defendants violated R.C.'s state constitutional rights to be free from use of excessive force.

38.    This conduct resulted in R.C.'s physical, emotional, and pecuniary damages as described above and below.

## Count Three – Battery
### (Against Doe Defendants)

39.     Plaintiff incorporates all preceding paragraphs into this Count as if copied herein *in extenso*.

40.     Doe Defendants battered R.C. by causing harmful and offensive contact upon her.

41.     Doe Defendants all intended their acts to cause R.C. to suffer the harmful and offensive contact.

42.     R.C. suffered physical, pecuniary, and emotional damages from the battery she sustained.

## Count Four – State Law Negligence
### (Against Doe Defendants)

43.     Plaintiff incorporates all preceding paragraphs into this Count as if copied herein *in extenso*.

44.     Doe Defendants' conduct described above caused R.C. harm as described above and below.

45.     Due to their professional roles law enforcement officers, Doe Defendants owed duties to not inflict harm without legal justification upon persons they seize.

46.     These duties were breached by Doe Defendants' acts and omissions described here.

47.     The risks and harms that Doe Defendants caused were within the scope of protection afforded by the duties they owed to R.C.

48.     As a result of Doe Defendants' acts and omissions, R.C. suffered actual and foreseeable harm.

## Count Five – Failure to Intervene
### (Against Doe Defendants)

49.     Plaintiff incorporates all preceding paragraphs into this Count as if copied herein *in extenso*.

50.     In the manner described above, during the constitutional violations described herein, Doe Defendants knew that other Doe Defendants were unlawfully seizing and battering R.C., and none intervened to prevent the violation of R.C.'s constitutional rights, even though they had the opportunity to do so.

51.     As a result of Doe Defendants' failure to intervene to prevent the violation of R.C.'s constitutional rights, R.C. suffered physical injuries and damages as described above and below.

52.     Doe Defendants each had a reasonable opportunity to prevent this harm but failed to do so.

53.     Plaintiff asserts this claim in the alternative to Counts I and II above. If Doe Defendants are found not to have directly violated R.C.'s rights, Doe Defendants should be liable for failing to intervene as others directly violated R.C.'s rights.

### Count Six – *Respondeat Superior* (Defendant Smith)

54.     Plaintiff incorporates all preceding paragraphs into this Count as if copied herein *in extenso*.

55.     While committing the misconduct alleged in the preceding paragraphs, Doe Defendants were employees and agents of Defendant Smith in his capacity as the Sheriff of St. Tammany Parish and such individuals were acting within the scope of their employment.

56.     Therefore, Defendant Smith is liable as a principal for all state law torts (Counts III and IV) committed by his agents.

**Count Eight – Indemnification**
**(Defendant Smith)**

57.     Louisiana law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable for actions taken in the discharge of their duties that are within the scope of their employment activities.

58.     While committing the misconduct alleged in the preceding paragraphs, Doe Defendants were employees and agents of Defendant Smith in his capacity as the Sheriff of St. Tammany, and such individuals were acting within the scope of their employment.

59.     Therefore, Defendant Smith in his official capacity is obligated by Louisiana statute to pay any judgment entered against his employees for state law torts (Counts III and IV).

## RELIEF REQUESTED

60.     Wherefore Plaintiff requests judgment be entered against Defendants and that the Court grant the following:

    a.     Judgment against Defendants for Plaintiff's asserted causes of action;
    b.     Award of compensatory damages;
    c.     Award of special damages;
    d.     Award of punitive damages;
    e.     Award costs and attorney's fees pursuant to 42 U.S.C. § 1988; and
    f.     Order such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

61.     Plaintiff states any and all other causes of action that may become known through a trial of this matter on its merits against any and all other parties which are herein named or which may be added later, and requests any and all other damages or remedies which this Court may seem equitable.

62.     Plaintiff reserves the right to notice of defect to this pleading and reserve the right to amend or supplement this Petition after discovery of any additional fact, law or claim, the amendment of which to be performed by the filing of any subsequent pleading.

8

Respectfully submitted:

/s/ Jacob K. Weixler
Jacob K. Weixler, 36076
WEIXLER LAW LLC
P.O. Box 52197
New Orleans, Louisiana 70152-2197
1926 Washington Ave.
New Orleans, Louisiana 70113-1730
Tel:    (504) 408-2180
Fax:    (504) 814-1728
jkw@weixlerlaw.com

*Attorney for Plaintiff Jamie Johnson*