UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMIE JOHNSON                                      CIVIL ACTION
IN HER CAPACITY AS TUTOR
FOR R.C., A MINOR CHILD

VERSUS                                                  No. 24-170

RANDY SMITH, ET AL.                              SECTION I

## ORDER AND REASONS

Before the Court are two motions filed by defendants Randy Smith ("Smith"),
Bill Johnson ("Johnson"), Chris Vado ("Vado"), and John Connolly's ("Connolly,"
collectively, "defendants"). The first is a motion[1] for attorney's fees and expenses
pursuant to 28 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d)(2). The second
is a motion[2] for taxation of costs pursuant to 28 U.S.C. § 1920 and Federal Rule of
Civil Procedure 54(d)(1). Plaintiff Jamie Johnson ("plaintiff"), in her capacity as tutor
for R.C., a minor child, filed a response[3] in opposition to both of defendants' motions.
Defendants filed a reply.[4] For the reasons that follow, this Court denies defendants'
motion for attorneys' fees and dismisses without prejudice its motion for costs.

## I.    FACTUAL BACKGROUND

This case arises out of an encounter between R.C., a minor child, and
defendants Vado and Connolly, a detective and a deputy with the St. Tammany

---

[1] R. Doc. No. 76.
[2] R. Doc. No. 77.
[3] R. Doc. No. 79.
[4] R. Doc. No. 80.

1

Parish Sheriff's Office, respectively.[5] On May 23, 2024, plaintiff filed an amended complaint,[6] alleging (1) excessive force pursuant to 42 U.S.C. § 1983; (2) violations of the Louisiana Constitution; (3) state law battery; (4) state law negligence; (5) failure to intervene; and (6) *respondeat superior* pursuant to state law.

On November 8, 2024, defendants jointly moved for summary judgment, arguing that (1) plaintiff's claims were barred by *Heck v. Humphrey*; (2) there were no statutory or constitutional violations in light of the uncontested material facts; (3) defendants were entitled to qualified immunity; and (4) plaintiff failed to establish causation for her alleged injuries.[7] On December 6, 2024, this Court granted defendants' motion for summary judgment on the basis of qualified immunity, dismissed plaintiff's federal claims with prejudice, and dismissed her state law claims without prejudice.[8]

On November 5, 2025, the United States Court of Appeals for the Fifth Circuit affirmed this Court's grant of summary judgment and dismissal of plaintiff's state law claims.[9] On November 19, 2025, defendants filed their motion[10] for attorneys' fees and their motion[11] for taxation of costs, arguing that they are entitled to costs as

---

[5] R. Doc. No. 60.
[6] R. Doc. No. 8.
[7] R. Doc. No. 53.
[8] R. Doc. No. 70.
[9] R. Doc. No. 78.
[10] R. Doc. No. 76.
[11] R. Doc. No. 77.

the prevailing party and entitled to attorneys' fees because plaintiff's claims are "frivolous, unreasonable, or groundless."[12]

## II.    STANDARD OF LAW

### a. Attorneys' Fees

"When moving for attorney's fees, 'the fee applicant bears the burden of establishing entitlement to an award . . . .'" *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013) (quoting *Hensley*, 461 U.S. at 437). Title 42 United States Code § 1988(b) provides that in any action to enforce a provision of § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." It is well settled that, "under 42 U.S.C. § 1988, a prevailing party may also recover '[a]ll reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone . . . because they are part of the costs normally charged to a fee-paying client.'" *DeLeon v. Abbott*, 687 F. App'x 340, 342 (5th Cir. 2017) (quoting *Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990)).

The Fifth Circuit has held that while "the discretion afforded district courts to deny attorney's fees to prevailing plaintiffs under § 1988 is exceedingly narrow," *Sanchez v. City of Austin*, 774 F.3d 873, 878 (5th Cir. 2014) (quoting *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985)), attorneys' fees are only available to defendants when "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Vaughn v. Lewisville Indep. Sch. Dist.*,

---

[12] *See generally* R. Doc. No. 76; R. Doc. No. 77.

62 F.4th 199, 203–04 (5th Cir. 2023) (quoting *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978)); *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011) ("[A]n award of attorney's fees to a prevailing defendant under § 1988 is 'presumptively unavailable' . . . and is proper only upon a finding that the plaintiff's suit is 'frivolous, unreasonable, or groundless . . .'") (quoting *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001)).

A claim is "frivolous" when it is "wholly insubstantial," as for example, when it is foreclosed by Supreme Court precedent. *WickFire, LLC v. Woodruff*, 989 F.3d 343, 349 (5th Cir. 2021); *Perkins v. Hart*, No. 21-879, 2024 WL 3755238, at *11 (E.D. La. June 28, 2024), *report and recommendation adopted*, 2024 WL 3742743 (E.D. La. Aug. 7, 2024). A claim is foreclosed by Supreme Court precedent "when the 'unsoundness' of the claim 'so clearly results from the [Supreme Court] decisions . . . as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." *WickFire*, 989 F.3d at 349. Courts award attorneys' fees to prevailing defendants "where the plaintiff's civil rights claim lacks a basis in fact or relies on an undisputably meritless legal theory." *Silsbee Indep. Sch. Dist.*, 440 F. App'x at 425.

However, "a losing claim is not frivolous if it has legal and factual undergirding." *Id.* When deciding whether a claim is frivolous, "courts may examine factors such as: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial." *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011).

"These factors are, however, guideposts, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." *Id.* (quoting *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997)). The Supreme Court has stated that when applying these factors, it is important that a district court "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Offord v. Parker*, 456 F. App'x 472, 474 (5th Cir. 2012) (quoting *Christiansburg*, 434 U.S. at 421–22). This is because that "kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Silsbee Indep. Sch. Dist.*, 440 F. App'x at 425 (quoting *Christiansburg*, 434 U.S. at 422).

"Accordingly, the dismissal of a plaintiff's claims before they reach the jury is insufficient by itself to support a finding" that the plaintiff's claims were frivolous. *Silsbee Indep. Sch. Dist.*, 440 F. App'x at 425. "Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*." *Id.* (quoting *Hughes v. Rowe*, 449 U.S. 5, 15–16 (1980)). "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Id.* (quoting *Christiansburg*, 434 U.S. at 422). "Careful consideration given to the case by the district court is some indication that the suit was not frivolous." *Usea v. Manuel*, No. , 2022 WL 7037225, at *3 (E.D. La. Oct, 12, 2022) (Milazzo, J.) (cleaned up) (quoting *Hawkins v. Coleman*, No. 10-152, 2011 WL

5

3100562, at *2 (W.D. La. July 25, 2011)); *see also Jones v. Tex. Tech Univ.*, 656 F.2d 1137, 1146 (5th Cir. 1981); *Hughes*, 449 U.S. at 15 (vacating an award of attorney's fees from plaintiff to defendant when the plaintiff's claims received "careful consideration of both the district court and the court of appeals").

Pursuant to Local Rule 54.2, if a party seeks attorneys' fees, "the party must submit to the court a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed." Pursuant to Federal Rule of Civil Procedure 52(d)(2)(B)(i), a motion for attorneys' fees must "be filed no later than 14 days after the entry of judgment" unless a statute or court order provides otherwise. Rule 54(a) defines a "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).

To calculate a reasonable attorneys' fee award, courts begin with the lodestar method, which is determined by taking the "reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers, multiplying the reasonable hours by the reasonable hourly rates." *Doe v. Fitch*, No. 22-60481, 2023 WL 2882717, at *1 (5th Cir. Apr. 11, 2023) (citation modified) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) ("[T]he district court must multiply the reasonable hours by the reasonable hourly rates.").

What constitutes a reasonable hourly rate is "computed according to the prevailing market rates in the relevant legal market." *Alvarez v. McCarthy*, No. 20-50465, 2022 WL 822178, at *3 (5th Cir. Mar. 18, 2022) (quoting *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000)). "Generally, the reasonable hourly rate for a

particular community is established through affidavits of other attorneys practicing there." *Hill v. Schilling*, No. 07-2020, 2022 WL 1718739, at *18 (N.D. Tex. Nov. 22, 2022) (Lindsay, J.) (quoting *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)). If the nonmoving party does not oppose the hourly rate, that rate is "*prima facie* reasonable." *Cox v. Mignon Faget, Ltd.*, No. 24-1068, 2025 WL 2022669, at *3 (E.D. La. July 18, 2025) (Africk, J.) (citing *Islamic Ctr. of Miss. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989)).

Prevailing parties seeking attorneys' fees are also "charged with the burden of showing the reasonableness of the hours billed and . . . proving that they exercised billing judgment." *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). "The party seeking attorneys' fees must present adequately documented time records to the court." *Holmes v. Reddoch*, No. 19-12749, 2024 WL 4989454, at *3 (E.D. La. Dec. 5, 2024) (Africk, J.) (quoting *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). "Using this time as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented." *Id.* "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Id.* (quoting *Walker v. U.S. Dept. of Hous. and Urb. Dev.*, 99 F.3d 761, 770 (5th Cir. 1996)).

There is a strong presumption that the lodestar amount is reasonable. *Saizan*, 448 F.3d at 800. However, once the lodestar is calculated, the court may adjust it upward or downward based upon the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id*. These factors are:

(1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Saizan*, 448 F.3d at 800 n.18.

An adjustment based on the *Johnson* factors is appropriate where the lodestar "does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 554 (2010). However, "[t]he lodestar may not be adjusted due to a *Johnson* factor . . . if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting." *Saizan*, 448 F.3d at 800. For example, "[t]he first factor already is included in the lodestar." *Walker*, 99 F.3d at 771. "'[N]ovelty [and] complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award." *In re Pilgrim's Pride Corp.*, 690 F.3d 650, 656 (5th Cir. 2012) (quoting *Matter of Fender*, 12 F.3d 480, 488 (5th Cir. 1994)). The Fifth Circuit has also stated that "the contingent nature of the case cannot serve as a basis for enhancement of attorneys' fees" and that the preclusion of other employment will ordinarily be subsumed within the lodestar amount because it will be reflected in the number of hours billed. *Canaski v. MID Miss. Props.*, No.

15-344, 2017 WL 4531690, at *7 (S.D. Miss. May 17, 2017) (Ozerden, J.) (quoting *Shipes v. Trinity Indus.*, 987 F.2d 311, 321–23 (5th Cir. 1993)).

However, of the *Johnson* factors that courts may consider in adjusting the lodestar, "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. When "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* "This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436–37.

### b. Taxation of Costs

Pursuant to Local Rule 54.3, a prevailing party "[w]ithin 35 days of receiving notice of entry of judgment . . . must serve on the attorney for the adverse party and file with the clerk a motion to tax costs." LR 54.3; *Thorton v. Colvin*, No. 15-407, 2016 WL 3952040, at *1–2 (E.D. La. July 22, 2016) (Lemelle, J.) (denying the plaintiff's motion for taxation of costs when it was filed more than 35 days after entry of judgment).

### III.   ANALYSIS

### a. Attorneys' Fees

First, plaintiff argues that defendants' motion for attorneys' fees is untimely because it was not filed within "14 days after the entry of judgment" as required by

Federal Rule of Civil Procedure 54(d)(2)(B)(i).[13] Defendants counter that "[t]he fourteen-day time limit is not jurisdictional" and the "Fifth Circuit has repeatedly held that a district court may waive the fourteen-day deadline where 'parties properly notify their counterparts of their requests for attorneys' fees' and therefore fulfill the purpose of Rule 54(d)."[14] Defendants argue that their request for attorneys' fees in their answer[15] to plaintiff's amended complaint was sufficient to put plaintiff on notice of defendants' request for attorneys' fees and fulfill the purpose of Rule 54(d) and, therefore, their motion for attorneys' fees is not untimely.[16]

This Court agrees that plaintiff was properly on notice of defendants' request for attorneys' fees such that the purpose of Rule 54(d) is fulfilled. In *Cordova*, the defendants requested attorneys' fees in their response to plaintiff's Rule 60(b) motion, filed more than one year after the entry of judgment. 2023 WL 1967893, at *1–3. The Fifth Circuit affirmed the district court's award of attorneys' fees to the defendants, noting that the defendants' request for fees in their response to plaintiff's Rule 60(b) motion was sufficient to "properly notify" the plaintiff of their requests for attorneys' fees, that the plaintiff "had notice and the opportunity to respond" to defendants'

---

[13] R. Doc. No. 79 at 8–9.

[14] R. Doc. No. 80 at 1 (citing *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 664 (5th Cir. 2002), *as amended on denial of reh'g and reh'g en banc*, (5th Cir. 2002) (overruled on other grounds); *Romaguera v. Gegenheimer*, 162 F.3d 893, 895 (5th Cir. 1998), *clarified on denial of reh'g*, 169 F.3d 223 (5th Cir. 1999); *Cordova v. La. State Univ. Agric. & Mech. Coll. Bd. of Supervisors*, No. 22-30732, 2023 WL 2967893 (5th Cir. Apr. 17, 2023), *cert. denied*, 144 S. Ct. 187 (2023)).

[15] R. Doc. No. 61 ¶ XIV ("Plaintiffs' claims are without merit and [d]efendants are entitled to be awarded the attorney's fees and costs incurred in defense of this matter.")

[16] R. Doc. No. 80 at 1–2.

request for fees, and that the plaintiff did actually respond to defendants' request for fees.

Similarly, plaintiff was properly on notice of defendants' request for attorneys' fees based on defendants' inclusion of the request in their answer. Like the plaintiff in *Cordova*, plaintiff has had notice and the opportunity to respond to defendants' request for attorneys' fees and has in fact responded to defendants' request.[17] 2023 WL 2967893, at *3. Defendants' request for attorneys' fees in their answer to plaintiff's amended complaint is sufficient to fulfill the purposes of Rule 54(d) and defendants' motion for attorneys' fees is not untimely. *See id.*; *see also Romaguera*, 162 F.3d at 895–96 ("[T]he district court's acknowledgment of [plaintiff]'s request [for attorneys' fees] served to notify opposing counsel of the request, thereby satisfying Congress' intended purpose under Rule 54(d)(2).").

This Court now turns to the merits of defendants' motion. Defendants, in their motion for attorney's fees, argue that plaintiff's claims were "frivolous, groundless, or without foundation."[18] Defendants base their argument on this Court's Order and Reasons,[19] issued on December 6, 2024, granting defendants' motion[20] for summary judgment, dismissing with prejudice plaintiff's federal law claims on the basis of qualified immunity, and dismissing without prejudice plaintiff's state law claims.

---

[17] *See generally* R. Doc. No. 79.
[18] R. Doc. No. 76-1 at 5–7.
[19] R. Doc. No. 70.
[20] R. Doc. No. 53.

Defendants also point to the opinion[21] and judgment[22] issued by the Fifth Circuit affirming this Court's grant of summary judgment and dismissal of plaintiff's claims. Defendants argue that because this Court dismissed plaintiff's claims, plaintiff did not appeal her failure to intervene claim, and the Fifth Circuit affirmed that dismissal, plaintiff's claims "lacked factual support and legal authority" and were "unreasonable and without foundation, even if not brought in subjective bad faith."[23]

Plaintiff, in her opposition[24] to defendant's motion, argues that her claims were not frivolous. She points out that defendants answered plaintiff's amended complaint rather than moving to dismiss it, which she claims was a concession by defendants that plaintiff had stated a *prima facie* case. Plaintiff also points to the extent of discovery conducted in this case, the fact that plaintiff's claims were dismissed the month before trial, and the 51-page length of defendants' motion for summary judgment to argue that this "raised serious questions about the use of force on a child" and "had factual and legal grounding."[25] Plaintiff claims that her allegations "were not exaggerated; they were supported by medical findings, video evidence, and deposition testimony."[26] She argues that "granting summary judgment on the demanding 'clearly established' prong of qualified immunity does not transform [p]laintiff's claims into frivolous ones."[27] Plaintiff also argues that this Court cannot

---

[21] R. Doc. No. 76-2.
[22] R. Doc. No. 76-3.
[23] R. Doc. No. 76 at 1.
[24] R. Doc. No. 79.
[25] *Id.* at 6–7.
[26] *Id.* at 6.
[27] *Id.*

grant defendants' motion for attorneys' fees because the motion was not timely filed and because they did not submit records supporting their claim for attorneys' fees in the amount of $90,760.50.[28]

This Court finds that plaintiff's claims were not frivolous. It is undisputed that defendants did not offer to settle this case and this Court dismissed plaintiff's claims.[29] However, plaintiff's claims were dismissed because this Court and the Fifth Circuit agreed that plaintiff could not show that the unlawfulness of defendants' conducted was "clearly established" such that defendants were not entitled to qualified immunity—not because plaintiff's claims were "groundless."[30]

Plaintiff's claims did not lack a basis in fact. It is undisputed that an encounter between plaintiff's daughter and law enforcement officers occurred and that the encounter resulted in injuries to plaintiff's daughter.[31] Courts have denied attorneys' fees to prevailing defendants in a § 1983 claim even when plaintiffs made factual allegations that turned out to be false. *Bailey v. Normand*, No. 12-2795, 2015 WL 1268325 (E.D. La. Mar. 19, 2015) (Milazzo, J.) ("[T]his is not a case where plaintiffs' claims were manufactured out of whole cloth.") (denying a prevailing defendant's motion for attorney's fees when the plaintiff's § 1983 excessive force claim was dismissed on summary judgment on the basis of qualified immunity and discovery revealed that many of the allegations in plaintiffs' complaint were false, but the

---

[28] *Id.* at 7–9.
[29] R. Doc. No. 76 at 7; *see generally* R. Doc. No. 79.
[30] *See generally* R. Doc. No. 70; R. Doc. No. 76-2.
[31] *See generally* R. Doc. No. 76-1; R. Doc. No. 76-2; R. Doc. No. 79.

record showed that the claims were not groundless). Courts have also denied motions for attorneys' fees in § 1983 cases even when the plaintiff's claims are dismissed at the pleadings stage pursuant to Federal Rule of Civil Procedure 12. *Washington v. Smith*, 639 F.Supp.3d 625, 658 (E.D. La. 2022) (Africk, J.) ("[T]he fact that a defendant prevails on a motion to dismiss does not establish that the plaintiff's claims were frivolous."); *Lewis v. Smith*, No. 18-4776, 2019 WL 4521422 (E.D. La. Sept. 19, 2019) (Ashe, J.) ("[A]lthough [defendant] prevailed on his motion to dismiss, the Court cannot say that [plaintiff]'s principal claims were wholly frivolous.").

Plaintiff's claims warranted careful consideration both by this Court and by the Fifth Circuit.[32] This "careful consideration" is strong evidence that plaintiff's claims were not frivolous or wholly without merit. *Usea*, 2022 WL 7037225, at *3 ("[T]he Court carefully considered the merits of the arguments in deciding to grant summary judgment, further supporting the conclusion that this case was not frivolous."); *see also Jones*, 656 F.2d at 1146 ("[T]he careful consideration given to the case by the district court is some indication that the suit was not frivolous.").

As the Fifth Circuit noted, context was critical in connection with plaintiff's claims.[33] Plaintiff relied on several cases to argue that defendants' conduct violated "clearly established" law, and the Fifth Circuit found that plaintiff's "best case" was *Curran v. Aleshire*, 800 F.3d 656 (5th Cir. 2015).[34] However, the Fifth Circuit found

[32] *See generally* R. Doc. No. 70 (this Court's 29-page order and reasons granting defendant's motion for summary judgment); R. Doc. No. 76-2 (the Fifth Circuit 15-page order affirming this Court's dismissal of plaintiff's claims).
[33] R. Doc. No. 76-2 at 9.
[34] *Id.*

14

that the facts in this case were "significantly different" from the facts in *Curran*.[35] Although the facts in *Curran* and this case were different, this Court does not find that plaintiff's arguments were frivolous.

Even if plaintiff's claims were frivolous, defendants have failed to comply with Local Rule 54.2 by not submitting "a verified, contemporaneous report reflecting the date, time involved, and nature of the services provided." LR 54.2; *see also Hoffman v. Bailey*, No. 13-5153, 2017 WL 2212503, at *6–9 (E.D. La. May 16, 2017) (denying plaintiff's motion for attorneys' fees when it failed to comply with Local Rule 54.2). Defendants argue that "[c]ourts in this Circuit . . . consistently hold that Rule 54 does not require the initial motion to be supported with evidentiary material regarding fees at the time of filing, but only requires the party requesting attorneys' fees to subsequently provide evidence when directed by the court."[36] In support of this argument, defendants cite two cases, one from the U.S. District Court for the Northern District of Texas and another from the U.S. District Court for the Southern District of Texas.[37] These cases have no bearing on the Local Rules for the U.S.

---

[35] *Id.*

[36] R. Doc. No. 79 at 4.

[37] *Id.* at 4 n. 18. Defendant cites *Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*, No. 23-791, 2024 WL 815553 (N.D. Tex. Feb. 27, 2024) (Godbey, C.J.), in which the court granted the defendant's motion for attorneys' fees and ordered the defendant to submit evidentiary support for the specific fee award it sought without discussing whether such evidentiary support was required to be submitted at the time of the defendant's motion for attorneys' fees. *Ortiz* was filed in the U.S. District Court for the Northern District of Texas and is inapplicable here. Defendant also cites *S. Tex. Elec. Coop. v. Dresser-Rand Co.*, No. 06-28, 2010 WL 1855959 (S.D. Tex. May 5, 2010) (Rainey, J.), where the court denied the prevailing plaintiff's motion for appellate attorneys' fees, but noted that Federal Rule of Civil Procedure 54(d)(2)(B)(iii) "only requires the party requesting attorneys' fees to provide a 'fair estimate' of its fees."

District Court for the Eastern District of Louisiana, where motions for attorneys' fees are required to comply with Local Rule 54.2. *See, e.g.*, *Hoffman*, 2017 WL 2212503, at *6–9.

Defendants ask for $90,760.50 in attorneys' fees without providing documentation supporting that amount and state that "[i]f the motion is granted, upon the Court's request, [d]efendant will submit to the Court redacted invoices and bills supporting the award of attorney's fees."[38] This is an attempt to bifurcate their motion for attorneys' fees into two separate motions without permission of this Court and in contravention of Local Rule 54.2. Defendants' failure to comply with Local Rule 54.2 provides an alternative basis for this Court to decline to award attorneys' fees to defendants.

### b. Taxation of Costs

Defendants' motion for taxation of costs is procedurally improper. Local Rule 54.3 states that a prevailing party must file "with the clerk" a motion to tax costs. LR 54.3. Local Rule 54.3.1 further states that the prevailing party must "serve notice of submission of the matter before the clerk." LR 54.3.1. The initial determination with respect to defendants' request for costs is to be made by the U.S. Clerk of Court, not this Court.

### IV.    CONCLUSION

For the reasons stated above,

---

Again, this case contains no discussion of Local Rule 54.2 as it was filed in a different district court.

[38] R. Doc. No. 76-1 at 9 n. 42.

**IT IS ORDERED** that defendants' motion[39] for attorneys' fees is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion[40] is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, December 18, 2025.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[39] R. Doc. No. 76.
[40] R. Doc. No. 77.

17